UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

DANIEL J. ERB, :
      Petitioner, :
       :
      v. : No. 2:20-cv-3492
       :
KEVIN KAUFFMAN and DISTRICT :
ATTORNEY OF MONTGOMERY COUNTY, :
      Respondents. :
_____

**O P I N I O N**
Report and Recommendation, ECF No. 33 - Adopted in Part

**Joseph F. Leeson, Jr.**                                                                **August 10, 2023**
**United States District Judge**

## I. INTRODUCTION

Petitioner Daniel Erb filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2017 Montgomery County conviction. Magistrate Judge David R. Strawbridge issued a Report and Recommendation ("R&R") recommending that the habeas corpus claims be denied and dismissed, to which Erb has filed objections. For the reasons set forth below, the R&R is adopted in part and the habeas petition is dismissed as untimely.

## II. BACKGROUND

Magistrate Judge Strawbridge thoroughly discussed the factual and procedural history of the case, which will not be repeated herein. *See* R&R 2-5, ECF No. 33. Of note, Erb pled guilty in the Montgomery County Court of Common Pleas on May 22, 2017, to one count of Involuntary Deviate Sexual Intercourse with a child ("IDSI"), one count of Endangering the Welfare of a Child, and one count of Indecent Assault of a complainant less than thirteen (13)

years of age.[1]  These charges arose from Erb's repeated touching of his step-daughter's vaginal area, as well as a singular instance in which he placed his mouth on her vaginal area.  At the time of the events, Erb's step-daughter was between eight and eleven years old.  Erb was sentenced on May 22, 2017, to the parties' negotiated sentence of six (6) to fifteen (15) years of imprisonment on the IDSI count followed by two (2) concurrent sentences of five (5) years of probation on the Indecent Assault and Endangering the Welfare of a Child counts.  Erb did not file a direct appeal.

On May 10, 2018, Erb filed a petition for writ of habeas corpus in the trial court, which the court construed as a petition pursuant to the Post Conviction Relief Act ("PCRA").  On or about September 24, 2018, the PCRA court issued notice of intent to dismiss the petition without a hearing and gave Erb twenty (20) days to respond.  Erb filed a request for an extension of time, which was denied.  The PCRA petition was dismissed on October 18, 2018.  Seven (7) months later, on May 17, 2019, Erb inquired of the PCRA court the status of his petition and extension request.  After receiving the PCRA court's response, Erb, on June 12, 2019, filed a notice of appeal from the PCRA court's order dismissing his PCRA petition.  On June 11, 2020, the Pennsylvania Superior Court quashed the appeal as untimely, rejecting Erb's argument that he had not received the PCRA court's order of dismissal and, alternatively, finding that his petition was without merit.  *See Commonwealth v. Erb*, 237 A.3d 1052 (Pa. Super. Ct. 2020).

On July 9, 2020, Erb filed a "Request for Stay, Extension of Time, and Amendment" in the above-captioned action seeking an extension of time to file a petition for habeas corpus and citing the unavailability of a typewriter, his unsuccessful attempts "to acquire the necessary means to perfect his legal documents," and prison shutdowns due to the coronavirus pandemic to

---

[1]   Pursuant to a plea agreement, the Commonwealth nolle prossed the remaining forty-five (45) counts.

explain his need for additional time.  ECF No. 1.  On August 13, 2020, Erb filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting fourteen (14) grounds for relief from his 2017 conviction and sentence.  *See* Habeas, ECF No. 4.  In Response, the Montgomery County District Attorney's Office argued the petition is untimely.  *See* Resp., ECF No. 20.  Erb filed a traverse in opposition to the Response and a Motion for Summary Judgment.  *See* Traverse, ECF No. 23; SJ Mot., ECF No. 32.  Despite being ordered to file a supplemental response addressing the merits, the District Attorney's Office failed to respond further.

On May 10, 2023, Magistrate Judge Strawbridge issued a R&R finding that the habeas petition is untimely, but that additional factual development of the record might[2] allow Erb to meet the demands of equitable tolling.  *See* R&R 12-14.  In lieu of scheduling a hearing to expand the record regarding the untimeliness issue, Magistrate Judge Strawbridge addressed the merits of the habeas claims.  *See id.* 14-24 ("In the interests of judicial economy, however, we will instead present and address the claims raised, which may be resolved without need of a hearing or expansion of the record.").  The R&R analyzes the claims and concludes that each of Erb's claims are meritless or procedurally defaulted.  *See id.*  Erb filed objections to the R&R on June 28, 2023.  *See* Objs., ECF No. 36.

### III. LEGAL STANDARDS

#### A. Report and Recommendation – Review of Applicable Law

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made.  *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989);

---

[2]  The R&R states that "[w]ith sufficient development of the factual record, we view it as *possible*, although not *probable*, that Petitioner could meet the demands of the equitable tolling doctrine as to bring his federal filing within the AEDPA one-year limitations period." R&R 14.

*Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process").  "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)."  *Hill v. Barnacle*, 655 F. App'x. 142, 147 (3d Cir. 2016).  The district "court may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report.  28 U.S.C. § 636(b)(1)(C).

      B.      **Equitable Tolling - Review of Applicable Law**

The Supreme Court of the United States has held that the federal habeas statute of limitations is subject to equitable tolling.  *See Holland v. Florida*, 560 U.S. 631, 648-49 (2010).  Equitable tolling is allowed only if the petitioner shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The diligence required for equitable tolling purposes is 'reasonable diligence.'" *Id.* at 653.  The reasonable diligence "obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005).  Whether a petitioner has been diligently pursuing his rights is a fact specific determination.  *See Munchinski v. Wilson*, 694 F.3d 308, 331 (3d Cir. 2012). Equitable tolling is appropriate when, for example: (1) the state has actively misled the petitioner regarding his appellate rights; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) the petitioner has timely asserted his rights but in a wrong forum.  *See Urcinoli v. Cathel*, 546 F.3d 269, 272 (3d Cir. 2008); *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999).  The Third Circuit Court of Appeals has emphasized

that equitable tolling should be applied sparingly. *See LaCava*, 398 F.3d at 275; *Schlueter v. Varner*, 384 F.3d 69, 75–76 (3d Cir. 2004).

      **C.**      **Certificate of Appealability – Review of Applicable Law**

A certificate of appealability ("COA") should only be issued "if the petitioner 'has made a substantial showing of the denial of a constitutional right.'" *Tomlin v. Britton*, 448 F. App'x 224, 227 (3d Cir. 2011) (citing 28 U.S.C. § 2253(c)). "Where a district court has rejected the constitutional claims on the merits, . . . the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**IV.**      **ANALYSIS**

After de novo review, this Court agrees with Magistrate Judge Strawbridge that the § 2254 habeas petition is untimely. *See* R&R 12-13. Erb's conviction became final on June 21, 2017. Three hundred twenty-three (323) days later, he timely filed a PCRA petition on May 10, 2018. He therefore had forty-two (42) days after resolution of his PCRA petition to seek federal habeas review. *See* 28 U.S.C. § 2244(d) (providing that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court" and excluding the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending"). Erb's PCRA petition was dismissed on October 18, 2018, and his notice of appeal dated June 12,

2019, was untimely. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[W]e reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Accordingly, the time for Erb to seek federal habeas relief expired on December 31, 2018, but the instant action was not initiated until July 9, 2020.

This Court further agrees with the Magistrate Judge's suggestion that Erb did not act with due diligence between October 2018 and May 2019. *See* R&R 14 n.7. However, this Court finds it is *not* possible, with or without further factual development, that Erb can meet the demands of equitable tolling because even if he were able to show that extraordinary circumstances prevented his timely filing, he has not shown reasonable diligence. *See LaCava*, 398 F.3d at 276-78 (concluding without a hearing that even if LaCava's delayed notice constituted extraordinary circumstances, he did not exercise the requisite due diligence to ensure that his claims were proceeding through the state courts and instead allowed twenty-one (21) months to elapse before inquiring about the status of his appeal). Erb had only six (6) weeks remaining after his PCRA proceedings were complete to file a federal habeas petition. *See* 28 U.S.C. § 2244(d). With this knowledge and despite being advised by the PCRA court on October 2, 2018,[3] that it intended to dismiss his PCRA petition without a hearing, Erb waited until May 2019 to first inquire into the status of his case. Erb was not reasonably diligent during these seven (7) months. *See Pennington v. Tice*, 365 F. Supp. 3d 579, 586 (E.D. Pa. 2019) (determining that the petitioner's failure to contact anyone for more than four (4) months to inquire about the status of his appeal was not reasonable diligence and distinguishing the longer delay in *LaCava* due to the limited amount of time the petitioner had remaining on his one-year

---

[3] The PCRA court's notice of intent to dismiss is dated September 24, 2018, gave the parties twenty (20) days to respond, was mailed to the parties on September 27, 2018, and was admittedly received by Erb on October 2, 2018. *See* Notice, Ex. 12, ECF No. 4; Traverse, Ex. A.

limitations period), *COA denied Pennington v. Superintendent Smithfield SCI*, No. 19-2109, 2019 U.S. App. LEXIS 34053 (3d Cir. Sep. 5, 2019); *Brown v. Mason*, No. 20-5234, 2022 U.S. Dist. LEXIS 124476, at *9 (E.D. Pa. Mar. 30, 2022) (concluding that the petitioner's six-month delay before inquiring about the status of his PCRA petition after receiving the PCRA court's notice of intent to dismiss did "not establish the diligence necessary for equitable tolling"), *adopted* No. 20-5234 at ECF No. 69-70, *COA denied* No. 20-5234 at ECF No. 75.

Consequently, there is no need for an evidentiary hearing because Erb's lack of reasonable diligence precludes the application of equitable tolling. *See LaCava*, 398 F.3d at 276-78 (refusing to remand for an evidentiary hearing where the petitioner did not exercise the requisite due diligence). Erb's habeas corpus petition is dismissed as untimely. Erb's objections, which relate primarily[4] to the merits of his claims, are overruled.

## V.   CONCLUSION

After applying de novo review, this Court finds that Erb has not shown reasonable diligence to allow for equitable tolling. The habeas corpus petition is dismissed as untimely. There is no basis for the issuance of a certificate of appealability because jurists of reason would not find it debatable that the petition is time-barred and is not subject to equitable tolling.

A separate Order will be issued.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[4] Erb also objects to the Magistrate Judge's findings of procedural default. Erb complains about his limited law library access and lack of trial court records the first four (4) months after his 2017 conviction. To the extent Erb may have intended this objection to also apply to the equitable tolling issue, it does not impact the reasonable diligence analysis because this Court is concerned with Erb's failure to act between October 2018 and May 2019.